**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| EDWARD GARITY, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| TETRAPHASE PHARMACEUTICALS, INC., L. PATRICK GAGE, LARRY EDWARDS, GAREN BOHLIN, STEVEN BOYD, JEFFREY A. CHODAKEWITZ, JOHN G. FREUND, GERRI HENWOOD, GUY MACDONALD, KEITH MAHER, NANCY J. WYSENSKI, ACELRX PHARMACEUTICALS, INC., and CONSOLIDATION MERGER SUB, INC., | ) CLASS ACTION ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff Edward Garity ("Plaintiff"), by his undersigned attorneys, for this complaint against Defendants (defined below), alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on March 16, 2020 (the "Proposed Transaction"), pursuant to which Tetraphase Pharmaceuticals, Inc. ("Tetraphase" or the "Company") will be acquired by AcelRx Pharmaceuticals, Inc. ("Parent") and Consolidation Merger Sub, Inc. ("Merger Sub," and together with Parent, "AcelRx").

2. On March 15, 2020, Tetraphase's Board of Directors (the "Board" or "Individual Defendants," and together with Tetraphase and AcelRx, "Defendants") caused the Company to

enter into an agreement and plan of merger (the "Merger Agreement") with AcelRx.  Pursuant to the terms of the Merger Agreement, Tetraphase's stockholders will receive 0.6303 shares of Parent common stock and one contingent value right ("CVR") for each share of Tetraphase common stock they own.

3.      On April 6, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, Plaintiff alleges herein that Defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over Defendants because each defendant is either a corporation that is incorporated within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions complained of herein occurred in this District.

## PARTIES

8.      Plaintiff Edward Garity is, and has been continuously throughout all times relevant

hereto, the owner of Tetraphase common stock.

9. Defendant Tetraphase is a Delaware corporation and maintains its principal executive offices at 480 Arsenal Way, Watertown, Massachusetts 02472. Tetraphase's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "TTPH."

10. Defendant L. Patrick Gage is Chairman of the Board of the Company.

11. Defendant Larry Edwards is President, Chief Executive Officer, and a director of the Company.

12. Defendant Garen Bohlin is a director of the Company.

13. Defendant Steven Boyd is a director of the Company.

14. Defendant Jeffrey A. Chodakewitz is a director of the Company.

15. Defendant John G. Freund is a director of the Company.

16. Defendant Gerri Henwood is a director of the Company.

17. Defendant Guy Macdonald is a director of the Company.

18. Defendant Keith Maher is a director of the Company.

19. Defendant Nancy Wysenski is a director of the Company.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

22. Defendant Merger Sub is a Delaware corporation, a wholly owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Tetraphase (the "Class"). Excluded from the Class are Defendants herein and any

3

person, firm, trust, corporation, or other entity related to or affiliated with any Defendant.

24.    This action is properly maintainable as a class action.

25.    The Class is so numerous that joinder of all members is impracticable. As of March 15, 2020, there were approximately 7,259,236 shares of Tetraphase common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

26.    Questions of law and fact are common to the Class, including, among others, whether Defendants will irreparably harm Plaintiff and the other members of the Class if Defendants' conduct complained of herein continues.

27.    Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff has the same interests as the other members of the Class. Accordingly, Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

28.    The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

29.    Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

***Background of the Company and the Proposed Transaction***

30. According to the Registration Statement, Tetraphase is a biopharmaceutical company that uses its proprietary chemistry technology to create, develop, and commercialize novel tetracyclines for serious and life-threatening conditions, including bacterial infections caused by many of the multidrug-resistant bacteria highlighted as urgent public health threats by the World Health Organization and the Centers for Disease Control and Prevention.

31. The Company's lead product XERAVA™ is approved for the treatment of complicated intra-abdominal infections by the U.S. Food and Drug Administration and the European Medicines Agency.

32. The Company has also developed other fluorocyclic antibiotic compounds TP-271 (for respiratory disease caused by bacterial biothreat and antibiotic-resistant public health pathogens), TP-6076 (to target multi-drug resistant Gram-negative bacteria), and TP-2846 (a tetracycline for the treatment of acute myeloid leukemia).

33. On March 15, 2020, Tetraphase's Board caused the Company to enter into the Merger Agreement with AcelRx.

34. Pursuant to the terms of the Merger Agreement, Tetraphase's stockholders will receive 0.6303 shares of Parent common stock and one CVR for each share of Tetraphase common stock they own.

35. The CVR represents additional consideration upon XERAVA achieving certain net sales starting in 2021 and can be worth up to $12.5 million.

36. The Merger Agreement also includes a co-promotion agreement for combining the marketing and commercial expertise of both companies to commercialize XERAVA for the

treatment of complicated intra-abdominal infections (cIAI) and DSUVIA for the management of acute pain in medically supervised settings.

37.     The terms of acquisition will make AcelRx shareholders own nearly 85.4 percent of the resulting company while the remaining will be owned by Tetraphase shareholders.

38.     According to the press release announcing the Proposed Transaction:

Tetraphase Pharmaceuticals, Inc. (Nasdaq: TTPH), a biopharmaceutical company focused on commercializing its novel tetracycline XERAVA to treat serious and life-threatening infections, today announced the execution of a definitive merger agreement pursuant to which AcelRx Pharmaceuticals (Nasdaq: ACRX) would acquire Tetraphase in a stock for stock transaction. Under the terms of the agreement, Tetraphase stockholders will receive, for each share of Tetraphase common stock, 0.6303 of a share of AcelRx common stock, valued at approximately $14.4 million as of the close of trading on March 13, 2020, and one contingent value right (CVR), which would entitle the holders to receive aggregate payments of up to $12.5 million for the achievement of future XERAVA™ net sales milestones starting in 2021. The transaction was unanimously approved by both the AcelRx and Tetraphase boards of directors and is expected to close in the second quarter of 2020. Select Tetraphase stockholders and warrant holders, including Armistice Capital, LLC, holding in the aggregate approximately 31% of Tetraphase's outstanding common stock, have signed voting agreements in favor of the transaction. . . .

Closing of the transaction is subject to specified closing conditions, including Tetraphase having a minimum amount of net cash as of the closing and approval by Tetraphase stockholders. Upon the closing of the transaction, Tetraphase will become a privately held company and shares of Tetraphase's common stock will no longer be listed on any public market. Subject to certain limited exceptions, the CVRs will be non-transferable.

Janney Montgomery Scott is acting as financial advisor to Tetraphase and has rendered a fairness opinion to Tetraphase's board of directors in connection with the transaction. Wilmer Cutler Pickering Hale and Dorr LLP is acting as legal advisor to Tetraphase in connection with the transaction.

**The Registration Statement Omits Material Information**

39.     On April 6, 2020, Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

40.     As set forth below, the Registration Statement omits material information with

6

respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

41.    First, the Registration Statement omits material information regarding the Company's, AcelRx's, and the resulting company's financial projections.

42.    With respect to the Company's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) EBIT and (b) Unlevered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

43.    With respect to AcelRx's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate (a) EBIT and (b) Unlevered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

44.    With respect to the resulting company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate (a) EBIT and (b) Unlevered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

45.    The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of the resulting company, and allows stockholders to better understand the financial analyses performed by the Company's financial advisor in support of its fairness opinion.

46.    Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Janney Montgomery Scott LLC ("Janney").

47.    With respect to the Janney's Tetraphase Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the terminal values of the Company; (iii) Janney's basis for using an Enterprise Value/Revenue

exit multiple range of 2.25x to 2.75x; (iv) the individual inputs and assumptions underlying the range of discount rates of 17.6% to 21.6%; and (v) net debt and cash.

48.    With respect to the Janney's Pro Forma Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the operational synergies expected to be achieved as a result of the Proposed Transaction; (iii) the terminal values used in the analysis; (iv) Janney's basis for using an Enterprise Value/Revenue exit multiple range of 2.25x to 2.75x; (v) the individual inputs and assumptions underlying the range of discount rates of 14.7% to 18.7%; and (vi) net debt and cash.

49.    With respect to Janney's Selected Precedent Transactions Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the transactions observed by Janney in the analysis.

50.    With respect to Janney's Premiums Paid Analysis, the Registration Statement fails to disclose: (i) the transactions observed by Janney in the analysis; and (ii) the premiums paid in the transactions.

51.    With respect to Janney's Selected Public Companies Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed by Janney in the analysis.

52.    When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

53.    Third, the Proxy Statement fails to disclose whether the Company entered into any non-disclosure agreements that contained standstill and/or "don't ask, don't waive" provisions that are or were preventing other potential acquirors from submitting offers to acquire the Company.

54.     Without this information, stockholders may have the mistaken belief that if potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

55.     The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement:  (i) Background of the Merger; (ii) Recommendation of the Tetraphase Board; the Tetraphase Board's Reasons for the Merger; (iii) Opinion of Janney Montgomery Scott LLC, Tetraphase's Financial Advisor; and (iv) Certain Information Provided by the Parties.

56.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Tetraphase**

57.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

58.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Tetraphase is liable as the issuer of these statements.

59.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

60.     The Individual Defendants were at least negligent in filing the Registration

Statement with these materially false and misleading statements.

61.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

62.     The Registration Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

63.     By reason of the foregoing, Defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

64.     Because of the false and misleading statements in the Registration Statement, Plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and AcelRx

65.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

66.     The Individual Defendants and AcelRx acted as controlling persons of Tetraphase within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of Tetraphase and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

10

67.     Each of the Individual Defendants and AcelRx was provided with or had unlimited access to copies of the Registration Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

68.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.   They were thus directly involved in the making of the Registration Statement.

69.     AcelRx also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

70.     By virtue of the foregoing, the Individual Defendants and AcelRx violated Section 20(a) of the 1934 Act.

71.     As set forth above, the Individual Defendants and AcelRx had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.   By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the 1934 Act.   As a direct and proximate result of Defendants' conduct, Plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

11

A.      Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that Defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 22, 2020                      **RIGRODSKY & LONG, P.A.**

                                           By:  _/s/ Gina M. Serra_
                                                Brian D. Long (#4347)
**OF COUNSEL:**                                 Gina M. Serra (#5387)
                                                300 Delaware Avenue, Suite 1220
**HOLZER & HOLZER, LLC**                        Wilmington, DE 19801
Marshall P. Dees                                Telephone: (302) 295-5310
1200 Ashwood Parkway, Suite 410                 Facsimile: (302) 654-7530
Atlanta, GA 30338                               Email: bdl@rl-legal.com
Telephone: (770) 392-0090                       Email: gms@rl-legal.com
Facsimile: (770) 392-0029
Email: mdees@holzerlaw.com                      _Attorneys for Plaintiff_

12